Jason M. Drangel (JMD 7204)
jdrangel@ipcounselors.com
Brian D. O'Reilly (BO 1529)
boreilly@ipcounselors.com
Jennette Wiser (JW 0386)
jwiser@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391

Justin H. Scheier, Esq.
The Scheier Law Firm, LLC
60 Washington Street - Suite 102G
Morristown, New Jersey 07960
Telephone: (201) 568-3210
Facsimile: (201) 426-2347

*Attorneys for Plaintiff*
*Inventel Products, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INVENTEL PRODUCTS, LLC, *Plaintiff* v. CREATIVE CONCEPTS (USA) a/k/a TELE MARKETERS INC and TEE VEE BRANDS USA; and VINAY ADVANI, *Defendants* | **CIVIL ACTION No.** 16-cv-2803 |

**VERIFIED COMPLAINT**

Plaintiff, Inventel Products, LLC ("Plaintiff" or "Inventel"), by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for: false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); deceptive business acts and practices in violation of New York Consumer Protection Law, N.Y. GBL § 349; unfair competition and unjust enrichment in violation of New York Common Law; and an accounting ("Action").  Plaintiff seeks injunctive relief, an accounting of Defendants' profits, Plaintiff's lost profits, compensatory damages, attorney's fees and costs, and such other relief as the Court deems proper.

## JURISDICTION AND VENUE

2. This Court has Federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1331 as an action arising under the Constitution, laws, or treaties of the United States and 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a).

3. Personal jurisdiction exists over Defendants because on information and belief, Defendants conduct business in New York and in this judicial district, or otherwise avail themselves of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because on information and belief, Defendants conduct business in this district through their online presence and because a substantial part of the events giving rise to the claims and the resultant damages occurred in this judicial district.

## **THE PARTIES**

5. Plaintiff Inventel is a limited liability company organized and existing under the laws of the State of New Jersey, having a principal place of business at 300 Roundhill Drive, Rockaway, NJ 07866.

6. On information and belief, Defendant Creative Concepts (USA) a/k/a Tele Marketers Inc. and Tee Vee Brands USA ("Creative Concepts (USA)") is a New Jersey-based company, having a principal place of business at 50 Harrison Street, Suite 112, Hoboken, New Jersey 07030.

7. On information and belief, Defendant Vinay Advani ("Mr. Advani") is the president, officer, director, principal, shareholder and/or owner of Creative Concepts (USA), residing at 50 Harrison Street, Suite 112, Hoboken, New Jersey 07030 or 425 Washington Blvd, Apt 3204, Jersey City, New Jersey 07310.

8. Defendant Creative Concepts (USA) and Defendant Mr. Advani are hereinafter collectively referred to as "Defendants" or "Creative Concepts."

9. Upon information and belief, and at all times relevant hereto, Mr. Advani is president, officer, director, principal, shareholder and/or owner of Creative Concepts (USA) and the unlawful acts of Mr. Advani, as alleged herein, were performed within the course and scope of such position. Defendants enriched themselves by fraudulent and illegal conduct as alleged herein, while Plaintiff suffered financial injury, as well as injury to its reputation.

10. Upon information and belief, adherence to the fiction of the existence of Mr. Advani as separate and distinct from Creative Concepts (USA) would permit an abuse of corporate privilege and would permit an injustice in that Mr. Advani would succeed in avoiding legally incurred liabilities while maintaining the benefits of the corporate status.

11. Upon information and belief, since the time of its creation, now, and all times relevant to this Complaint, such a unity of interest and ownership existed between Mr. Advani and Creative Concepts (USA), such that separate personalities did not and do not in reality exist.

**GENERAL ALLEGATIONS**

I. **Inventel's "As Seen On TV" Business and Successful DashCam Pro Product**

12. Inventel is a leading producer, marketer and distributor of quality, innovative consumer products.

13. Inventel promotes and sells its products through national direct response television commercial campaigns. These types of national television campaigns are commonly referred to as "As Seen On TV" campaigns. Consumers recognize the "As Seen On TV" label on a product as indicating that the product is extensively and nationally advertised on television. Consumers also recognize that products labeled "As Seen On TV" are produced by companies that have spent large amounts of time and money developing the product and the associated advertising campaign. As a result, the "As Seen On TV" label is a powerful marketing tool.

14. Inventel also promotes and sells its products at the retail level and through online marketing. When selling its products through retail and online sales channels, Inventel prominently displays its "As Seen On TV" labels because of the powerful marketing effect it has on consumer decision making.

15. One of Inventel's most successful products is a personal car security camera, marketed and sold under the trademark DashCam Pro (hereinafter, the "DashCam Pro"). The DashCam Pro has achieved great success since its introduction in 2011. (Printouts from Inventel's website of the DashCam Pro are attached hereto as **Exhibit A**.)

16. The DashCam Pro operates on a pivot mount that attaches to the interior

4

windshield of an automobile.  The DashCam Pro automatically records both audio and video through its 120 degree, wide angle video lenses and instantly displays the recorded images and video on its rectangular, instant view screen.  Additionally, the Dash Cam Pro automatically adjusts from dark to light and its pivot mount easily allows the camera to be turned around and the screen flipped to record and view what is going on inside of the vehicle.  The Dash Cam Pro also includes features such as motion detection, image stabilization, time and date stamp, picture mode, automatic start-up on ignition and endless loop recording.

17.  Much of the success of the DashCam Pro is due to Plaintiff's marketing and promotional efforts, particularly on television.  In fact, Plaintiff has spent over $3 million nationally advertising and promoting the DashCam Pro on television.  Such promotional efforts on TV have prominently placed the DashCam Pro in the minds of the public.  Retailers, retail buyers, consumers and other members of the public have become familiar with the DashCam Pro, and associate it exclusively with Plaintiff.

18.  Inventel prominently markets its DashCam Pro with the "As Seen On TV" label. Much of DashCam Pro's success is due to Inventel's national "As Seen On TV" advertising campaign.  As a direct result of Plaintiff's marketing and promotional efforts on TV and through infomercials, many customers decide to purchase the DashCam Pro.

II.   **Creative Concepts' Deceptive Business Practices**

a.   *Creative Concepts Falsely Markets Its Cobra Cam Under The "As Seen On TV" Logo*

19.  Creative Concepts designs, manufactures and distributes a variety of consumer products worldwide.  They purport their products to be solutions for an easier living, offering house-cleaning, in the kitchen, personal care, slimming, DIY / hardware, outdoor, and eco-friendly products, among others.  Creative Concepts attends trade shows in the U.S. where they

5

exhibit their products.

20. One of Creative Concepts' products is the Cobra Cam. The Cobra Cam, like the DashCam Pro, is a personal security camera that mounts to the interior dashboard or windshield of an automobile and records sound, video and still images. (A true and correct image of Creative Concepts' Cobra Cam is attached hereto as **Exhibit B**).

21. On information and belief, on or around March 24, 2016, Creative Concepts began marketing the Cobra Cam as an "As Seen On TV" product.

22. On information and belief, Creative Concepts offered to sell bulk amounts of the Cobra Cam to a retailer in an "As Seen On TV" line review.

23. The "As Seen On TV" logo is prominently displayed on the packaging for the Cobra Cam (see **Exhibit B**); however, on information and belief, Creative Concepts has never advertised or promoted the Cobra Cam on television.

24. Creative Concepts uses the "As Seen On TV" logo to attract consumers who are interested in purchasing "As Seen On TV" products and particularly personal car security cameras.

    b. *Creative Concepts Deceivingly Uses The "Cobra" Trademark To Tradeoff Of The Goodwill Of Its Owner*

25. In addition to its deceptive use of the "As Seen On TV" logo, Creative Concepts also uses the famous mark "Cobra" to confuse consumers as to the source or origin of the Cobra Cam. "Cobra" is the brand name of a successful and well-known electronics company that sells dash cams. Creative Concepts' use of the "Cobra" mark is an obvious attempt to capitalize off of Cobra's established business and reputation.

26. Creative Concepts' marketing and sale of the Cobra Cam under the "Cobra" mark is intended to deceive consumers into thinking that its product is of high quality in an effort to

compete with Plaintiff's well-known and widely regarded DashCam Pro.

### c. *Creative Concepts Reaps Profits and Causes Injury by Misleading Consumers*

27. On information and belief, Inventel is the only company with an "As Seen On TV" advertising campaign for a dashboard or windshield mounted personal car security camera. Consequently, when many consumers see the "As Seen On TV" logo on a dashboard mounted camera they immediately associate it with the DashCam Pro.

28. And those consumers that do not immediately associate the "As Seen On TV" logo with the DashCam Pro, wrongfully assume that the Cobra Cam is produced by Cobra®, and may believe that it is of high quality.

29. As a result, Creative Concepts sale of the Cobra Cam causes confusion and deceives consumers and results in lost sales of the DashCam Pro and continues to cause great harm to Inventel's reputation.

30. Additionally, through its misleading actions, Creative Concepts sells a seemingly similar personal car security camera to the DashCam Pro. They are able to profit from the sale of the Cobra Cam because Creative Concepts does not invest in TV advertising and infomercials. Instead, Creative Concepts simply rides on the coattails of Inventel's marketing efforts and Cobra's famous brand name and in the process deceives consumers, enriches itself and harms Inventel.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (False Designation of Origin, Passing Off & Unfair Competition)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

31. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7

32. Defendants have made false "As Seen On TV" claims and/or other false and/or misleading statements that the Cobra Cam is advertised and promoted on television, and/or falsely marketed the Cobra Cam under a famous mark.

33. Such false and/or misleading statements or claims have actually deceived or have a tendency to deceive consumers who are interested in purchasing Inventel's DashCam Pro. As Creative Concepts continues to market and sell the Cobra Cam, this deception will continue.

34. Defendants' deceptive actions are material and likely to influence the consumers' purchasing decision.

35. Defendants' false and/or misleading statements concern the Cobra Cam, which is advertised, promoted, offered for sale and/or sold in interstate commerce.

36. Defendants' false and/or misleading statements have resulted in the loss of potential sales of the DashCam Pro and substantial injury to Plaintiff's reputation.

37. On information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation of Plaintiff and its DashCam Pro.

**SECOND CAUSE OF ACTION**
**(New York Consumer Protection Law)**
**[N.Y. GBL § 349]**

38. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

39. Defendants' actions alleged herein are consumer-oriented in that they are advertising and selling consumer products, like the Cobra Cam.

40. Defendants' "As Seen On TV" claims or other statements that the Cobra Cam is

advertised on television are materially false and/or misleading, seeing as Defendants have never advertised or promoted the Cobra Cam on television.

41. Additionally, Defendant's use of a famous mark is deceptive.

42. Plaintiff has suffered great financial injury by using the false and/or misleading "As Seen On TV" claims and other statements to deceive consumers who would have purchased the DashCam Pro into purchasing its Cobra Cam.

43. On information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation of Plaintiff and its DashCam Pro.

44. As a result of Defendants' actions alleged herein, Plaintiff has suffered, and will continue to suffer irreparable harm for which it has no adequate remedy at law.

45. Pursuant to N.Y. Gen. Bus. Law. § 349(h), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorney's fees.

### THIRD CAUSE OF ACTION
### (Unfair Competition)
### [New York Common Law]

46. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

47. Defendants have acted unfairly by using false and/or misleading "As Seen On TV" claims and other statements in connection with the marketing and sale of the Cobra Cam.

48. Defendants' actions have misled and deceived consumers as to the identity and source of the Cobra Cam.

49. As a result of these actions, Plaintiff has lost potential sales of the DashCam Pro and has suffered substantial injury to its reputation.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)
### [New York Common Law]

50. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

51. By virtue of Defendants' actions as described herein, Defendants have been unjustly enriched in an amount to proven at trial.

52. Defendants' retention of monies gained through its deceptive business practices, acts of deceit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## FIFTH CAUSE OF ACTION
### (Accounting)

53. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs.

54. Defendants have obtained business through unlawful conduct, as alleged herein.

55. Defendants have received money as a result of its misconduct, at Plaintiff's expense, and some or all such money is rightfully due to Plaintiff.

56. The amount of money due from Defendants cannot be ascertained without a full accounting of Defendants' wrongful and unlawful conduct.  Plaintiff is therefore entitled to a full accounting and records of Defendants' unlawful activities.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants, inclusive, and each of them, as follows:

A.  For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

B.  For an award of treble damages in an amount to be proven at trial for deceptive acts or practices under N.Y. GBL § 349;

C.  For an award of damages to be proven at trial for common law unfair competition;

D.  For an award of damages in an amount to be proven at trial for unjust enrichment;

E.  For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from advertising, promoting, offering for sale and selling the Cobra Cam.

F.  For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from its sales of the Cobra Cam, including prejudgment interest.

G.  For an award of exemplary or punitive damages in an amount to be determined by the Court;

H.  For Plaintiff's reasonable attorney's fees;

11

I.       For all costs of suit; and

For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.

Dated: April 14, 2016                              Respectfully submitted,

EPSTEIN DRANGEL LLP

BY: _____
Brian D. O'Reilly (BO 1529)
boreilly@ipcounselors.com
Jason M. Drangel (JMD 7204)
jdrangel@ipcounselors.com
Jennette Wiser (JW 0386)
jwiser@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391

Justin H. Scheier, Esq.
The Scheier Law Firm, LLC
60 Washington Street - Suite 102G
Morristown, New Jersey 07960
Telephone: (201) 568-3210
Facsimile: (201) 426-2347

*Attorneys for Plaintiff*
*Inventel Products, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INVENTEL PRODUCTS, LLC,
*Plaintiff*

v.

CREATIVE CONCEPTS (USA) a/k/a TELE MARKETERS INC and TEE VEE BRANDS USA; and VINAY ADVANI,
*Defendants*

CIVIL ACTION No.

## VERIFICATION

I, Yasir Abdul, hereby verify as follows:

1. I am the CEO and President of Inventel Products, LLC. I am authorized to make this Verification on Inventel Products, LLC's behalf.

2. I have read and reviewed the annexed Verified Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief and to those matters, I believe them to be true.

3. I declare under the penalty of perjury that to the best of my knowledge the foregoing is true and correct.

Dated: April 13th, 2016

_____
Yasir Abdul